The opinion of the court was delivered by
Watkins, J.
The accused was charged in the indictment with stealing a horse, the property of Alonzo Early. On the trial he was convicted, and his counsel made a motion for a new trial, principally on the ground that the horse was not the property of Alonzo Early, but was the property of James Crichton. This motion was denied by the judge, who assigned as his reason therefor that “ the only evidence adduced on this point was that of Alonzo Early, who swore on the trial that the horse was his;” and that while it was “sufficiently shown that * * * the legal ownership may be in Crichton, (yet) the possession and equitable ownership may be in Early,” which, in his opinion, was sufficient basis for the conviction.
The ruling of the judge was correct. The ownership in a particular person of the property stolen is not of the essence of the crime of larceny, though it is of its essence that it should be alleged and proven to have been the property of another than the accused.
In Hanks’ case, 89 An. 284, we decided that “ the ownership of a particular person is not an essential ingredient of the crime of larceny, which is simply the felonious taking and carrying away of the personal goods of another; and even if the owner be unknown, the offence may be properly charged and sustained.
“The essentialÍacts constituting the crime of larceny of a particular specified horse are not in any manner affected by the question whether the horse was the property of Sevrigne Duhon or Cecile .Duhon. It is sufficient if the horse was the property of another. *982 The identity of the horse charged to have been stolen is the important thing in determining whether the offence proved is the offence charged.”
Whether the horse in question was the property of Alonzo Early or of James Crichton, it can make no difference to the accused. It was confessedly the property of another than himself.
Judgment affirmed.